UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEYION M. LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-01797 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of petitioner's *pro se* petition for habeas corpus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant petitioner's IFP application and dismiss the case for the reasons stated herein.

Petitioner, who is currently in the custody of the Texas Department of Criminal Justice Correctional Institutions Division, was convicted in the 427th Criminal District Court in Travis County, Texas. He has filed a 80-page petition that is difficult to follow and fails to comply with Federal Rule of Civil Procedure 10(b) and D.C. Local Civil Rule 5.1(d), (e), and (g). Petitioner sues his warden and two assistant wardens, as well as the United States and several federal officials.

The petition is first premised as one for relief pursuant to 28 U.S.C. § 2241. Insofar as petitioner seeks relief under that statute, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian

for purposes of § 2241 habeas relief"). Therefore, this Court lacks jurisdiction over any of petitioner's § 2241 claims.

Petitioner also seemingly seeks a presidential pardon. But this Court is without the authority to direct the President of the United States to grant, process, or consider a pardon request. *See Yelvington v. Presidential Pardon and Parole Attorneys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control").

Thereafter, the petition raises a series of points on a several topics, including, for example: petitioner's parole status and bond; his purported status as a "secured party," and "sovereign sentient living being . . . outside of the legislative jurisdiction of the aggregate corporate states and the corporate United States;" his birth records and supposed entitlement to $1 billion dollars; his federal tax responsibilities, the Internal Revenue Service, and his contention that federal officials were somehow obligated to file tax forms for him; real property in Olympia, Washington; the UNCITRAL Convention; the responsibility of the Clerk of Court for the United States District Court for the Eastern District of Texas, among others, to accept his proposed submissions; petitioner's letters to various federal judges; and; allegations of a widespread fraudulent conspiracy perpetuated by the courts and the government.

The intended causes of action are equivocal because the petition is hard to understand. Rule 8(a) of the Federal Rules of Civil Procedure requires a petition to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule

8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant petition falls within this category.  As presented, neither the Court nor respondents can reasonably be expected to identify petitioner's claims, and the petition also fails to set forth allegations with respect to this Court's jurisdiction over his entitlement to relief.

    For all of these reasons, the case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  July 28, 2022

                                                          _____/s/_____
                                                             CARL J. NICHOLS
                                                   United States District Judge